# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| $28,182.00 in United States Currency, | ) | |
| Defendant. | ) | |

Pending before the Court is the Government's Motion for Default Judgment [# 36]. Previously, the Court granted the Government's Motion to Compel and ordered Claimant Artie Smith to respond to the Government's discovery requests. Claimant Smith failed to comply with the Court's Order. The Government now seeks an Order from this Court striking Claimant Smith's Amended Answer and entering default judgment in this case. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **GRANTS in part** and **DENIES in part** the Government's motion [# 36].

## I. Analysis

The Government served Claimant Smith with its First Interrogatories by the United States and First Request for Production by the United States in November 2013. Claimant Smith did not respond to the interrogatories or document requests.

1

After Claimant Smith did not respond to the Government's discovery requests within the time required by the Federal Rules of Civil Procedure, the Government sent Claimant Smith two letters requesting that he comply with his discovery obligations under the Federal Rules. The Government also notified Claimant Smith of its intention to move to compel the production of responsive documents and answers to interrogatories. Claimant Smith still did not responded to the Government's discovery requests. Accordingly, the Court entered an Order directing Claimant Smith to respond to the Government's discovery request by April 1, 2013. (Order, Mar. 14, 2013.)

Claimant Smith failed to comply with the Court's Order. In fact, Claimant Smith acknowledges that he did not respond to the discovery requests and states that he "refuse[s] to answer the following questions, therefore [he] will answer none of them." (Resp. to Mot. Compel at p. 1.) The time for objecting to the Government's discovery requests, however, has long passed. Moreover, Claimant Smith has now not only intentionally failed to respond to the Government's discovery requests, but has intentionally failed to comply with an Order of this Court.

Where a party fails to comply with a Court Order regarding discovery, the Court may impose sanctions, including striking a party's answer and entering default judgment. Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503 (4th Cir.

1977).  As the United States Court of Appeals for Fourth Circuit has explained, however, the entry of default judgment for the failure to comply with a discovery order should be limited to only the most severe cases of abuse.  See id. at 504; Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d. 88, 92 (4th Cir. 1989).  Accordingly, the Fourth Circuit has set out a four part test to aid the lower courts in determining when the entry of default is warranted for discovery abuses.  Wilson, 561 F.2d at 503-6.

> As we recognized in *Wilson,* those competing interests require the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan, 872 F.2d at 92.

Although the Government moves this Court to enter default judgment against Claimant Smith as a result of his failure to comply with the Court's discovery Order, an application of the four-part test set out by the Fourth Circuit demonstrates that such a drastic sanction is not warranted at this time.  In particular, the Court has yet to impose any lesser sanction on Claimant Smith and the Court cannot say that a less drastic sanction would not be effective in this case.  This is especially true considering the *pro se* status of Claimant Smith.

After a review of the record in this case, and upon considering the four

factors set out by the Fourth Circuit, the Court finds that Claimant Smith has failed to comply with a discovery Order of this Court. Moreover, the Court finds that sanctions are warranted pursuant to Rule 37. Accordingly, the Court **ORDERS** Claimant Smith to pay a fine of $1000.00 into the registry of the Court by June 1, 2013. In addition, the Court **ORDERS** Claimant Smith to respond to each and every one of the Government's discovery requests by June 1, 2013. The Court **WARNS** Claimant Smith that the failure to comply with this Order **will** result in the Court striking his Amended Answer and recommending to the District Court that it enter default judgment in this case.

## II. Conclusion

The Court **GRANTS in part** and **DENIES in part** the Government's Motion for Default Judgment [# 36]. The Court **GRANTS** the motion to the extent it seeks the imposition of sanctions and **DENIES** the motion to the extent it seeks the entry of default judgment. The Court **ORDERS** Claimant Smith to pay a fine of $1000.00 into the registry of the Court by June 1, 2013. In addition, the Court **ORDERS** Claimant Smith to respond to each and every one of the Government's discovery requests by June 1, 2013. The Court **WARNS** Claimant Smith that the failure to comply with this Order **will** result in the Court striking his Amended Answer and recommending to the District Court that it enter default judgment in this case. Finally, the Court **DENIES** any motion contained in Claimant Smith's

Response [#38] to the Government's Motion for Default Judgment as a party may not include a motion in a response brief.  LCvR7.1(C)(2).[1]

Signed: May 7, 2013

Dennis L. Howell
United States Magistrate Judge

---

1   The Court also notes that at a previous hearing the Court advised Claimant Smith that he could seek to stay this action while the criminal case was pending.  Claimant Smith, however, was adamant that he did not want to stay this case and wanted to proceed with this forfeiture action.