IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv8

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| | ) | |
| $28,182.00 in United States Currency, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Previously, the Court granted the Government's Motion to Compel and ordered Claimant Artie Smith to respond to the Government's discovery requests. Claimant Smith failed to comply with the Court's Order. The Government then sought an Order from this Court striking Claimant Smith's Amended Answer and entering default judgment in this case. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court granted in part and denied in part the Government's motion. (Order, May 8, 2013.) The Court sanctioned Claimant Smith for his failure to comply with this Court's prior Order and ordered him to pay a fine of $1000.00 into the registry of the Court by June 1, 2013. Claimant Smith did not pay the fine and did not otherwise respond to the Court's Order. The Court now **RECOMMENDS** that the District Court **STRIKE** the Amended

1

Answer and **ENTER default judgment** in this case.

**I.     Analysis**

The Government served Claimant Smith with its First Interrogatories by the United States and First Request for Production by the United States in November 2013.  Claimant Smith did not respond to the interrogatories or document requests.  After Claimant Smith did not respond to the Government's discovery requests within the time required by the Federal Rules of Civil Procedure, the Government sent Claimant Smith two letters requesting that he comply with his discovery obligations under the Federal Rules.  The Government also notified Claimant Smith of its intention to move to compel the production of responsive documents and answers to interrogatories.  Claimant Smith still did not responded to the Government's discovery requests.  Accordingly, the Court entered an Order directing Claimant Smith to respond to the Government's discovery request by April 1, 2013.  (Order, Mar. 14, 2013.)

Claimant Smith failed to comply with the Court's Order.  In fact, Claimant Smith acknowledged that he did not respond to the discovery requests and stated that he "refuse[s] to answer the following questions, therefore [he] will answer none of them." (Resp. to Mot. Compel at p. 1.)  Subsequently, the Government moved for default judgment as a result of Claimant Smith's failure to comply with the Court's discovery Order.  Although the Court found that the sanction of default

judgment was not warranted at the time, the Court ordered Claimant Smith to pay a $1000.00 fine into the registry of the Court by June 1, 2013. The Court also ordered Claimant Smith to respond to the Government's discovery requests by June 1, 2013. Finally, the Court warned Claimant Smith that "the failure to comply with this Order **will** result in the Court striking his Amended Answer and recommending to the District Court that it enter default judgment in this case." (Order, May 7, 2013, at p. 4.) Claimant Smith has again ignored an Order of this Court and has not paid the Court ordered sanction.

Where a party fails to comply with a court order regarding discovery, the court may impose sanctions, including striking a party's answer and entering default judgment. Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503 (4th Cir. 1977). As the United States Court of Appeals for Fourth Circuit has explained, however, the entry of default judgment for the failure to comply with a discovery order should be limited to only the most severe cases of abuse. See id. at 504; Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d. 88, 92 (4th Cir. 1989). Accordingly, the Fourth Circuit has set out a four part test to aid the lower courts in determining when the entry of default is warranted for discovery abuses. Wilson, 561 F.2d at 503-6.

> As we recognized in *Wilson,* those competing interests require the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance

3

caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan, 872 F.2d at 92.

Upon consideration of the record and the relevant factors, the Court finds that the entry of default judgment is appropriate in this case. Claimant Smith has demonstrated a complete disregard for the discovery Orders of this Court, having now ignored two Orders from this Court. He has refused to participate in discovery, refused to comply with the Orders of this Court, and failed to pay the prior Court ordered sanction. It is clear from the record that this failure to comply is intentional on the part of Claimant Smith and not the result of mistake or lack of understanding. The Court's prior Orders were clear and unambiguous. The need to deter this type of intentional disregard of the Court's Orders and to maintain the integrity of the federal court system is significant. Moreover, no lesser sanction will prove effective as this Court has previously imposed monetary sanctions on Claimant Smith, which he failed to pay. It is clear to the Court that no sanction short of entering default judgment against him will prove effective in this case. Finally, Claimant Smith's repeated failure to comply the Court's Orders have prejudiced the Government because the Government has been unable to obtain discovery from Claimant Smith. Accordingly, the Court **RECOMMENDS** that

4

the District Court **STRIKE** Claimant Smith's Amended Answer and **ENTER default judgment** in this case.

## II.    Conclusion

The Court **RECOMMENDS** that the District Court **STRIKE** Claimant Smith's Amended Answer and **ENTER default judgment** in this case.

Signed: June 10, 2013

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).